**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALONZO JOHNSON,**

    **Plaintiff,**

    v.

                **Civil Action 2:20-cv-3192
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers**

**CHIEF INSPECTOR CENTRAL
OFFICE,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this prisoner civil rights action under 42 U.S.C. § 1983.[1] (ECF No. 1-1.) Plaintiff seeks leave of Court to initiate this action without prepayment of fees or costs. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

**I.**

The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

---

[1] Plaintiff, who is currently incarcerated at the Pickaway Correctional Institution ("PCI"), initially filed this action in the Western Division as Case No. 1:20-cv-480. By Order and Report and Recommendation dated June 24, 2020, Magistrate Judge Bowman severed Plaintiff's claims regarding his allegations of the denial of medical treatment at PCI and transferred them to this Court directing the Clerk to open a new case and file all documents of record. (ECF No. 2.)

> or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit describes the requirements for a claim of imminent danger as follows:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also Taylor* [*v. First Med. Mgmt.*], 508 Fed.Appx. [601] at 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e*. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc*., 727 F.3d 580, 585 (6th Cir. 2013).

## II.

The Undersigned concludes that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA. As Judge Bowman noted, at least three previous cases brought by Plaintiff qualify as strikes under the three-strikes provision. *See Johnson v. United States*, Case No. 1:11-cv-208 (Beckwith, J.; Wehrman, M.J) (S.D. Ohio May 18, 2011) (Doc. 5, 7, 8); *Johnson v. State of Ohio*, Case No. 2:09-cv-794 (Economus, J.; King, M.J.) (S.D. Ohio Sept. 22, 2010) (Doc. 10, 11); *Johnson v. State of Ohio*, Case No. 1:07-cv-112 (Beckwith, J.; Black, M.J.) (S.D. Ohio Mar. 26, 2007) (Doc. 8, 9); *Johnson v. State of Ohio*, Case No. 1:05-cv-695 (Dlott, J.; Hogan, M.J.) (S.D. Ohio Nov. 21, 2005) (Doc. 6). The previous dismissals for failure to state a claim upon which relief may be granted prevent Plaintiff from obtaining pauper status in the instant action.[2] Accordingly, Plaintiff must pay the full filing fee in this case unless the "imminent danger" exception applies to the facts he has presented in his Complaint.

A review of Plaintiff's Complaint (ECF No. 1-1) reveals that he is not in imminent danger of serious physical injury. His allegations relating to the denial of medical treatment are restated here verbatim:

> My left knee has went out on me it happen at Franklin Medical Center January 2020, I got transfered to Pickway Correctional Institution. Central Office Chief did not handle investigation accordingly in there affirming my knee is out and I'm in here with no action of inforcement, I ask for my knee replacement …

---

[2]*See Johnson v. Ohio Dep't. Rehab. & Corr.*, No. 1:19-cv-384 (Dlott, J.; Bowman, M.J.) (S.D. Ohio May 3, 2019) (Doc. 2, 6) (ordering plaintiff to pay the full filing fee based on plaintiff's previous dismissals); *Johnson v. Ohio Dep't. Rehab. & Corr.*, No. 1:19-cv-619 (Black, J.; Litkovitz, M.J.) (S.D. Ohio Oct. 8, 2019) (Doc. 3) (same); *Johnson v. Ohio*, Case No. 1:19-cv-393 (Black, J.; Bowman, M.J.) (S.D. Ohio Dec. 19, 2019) (Doc. 5) (same); *Johnson v. United States Congress*, Case No. 1:20-cv-248 (Black, J.; Bowman, M.J.) (S.D. Ohio May 8, 2020) (Doc. 4) (same).

(*Id*.)

These allegations do not suggest that Plaintiff is in imminent danger of serious physical injury. At most, Plaintiff alleges that the jail denied his requested course of treatment for a condition that he describes in only the most conclusory fashion. This Court agrees with other courts that have found that allegations relating to the refusal to authorize a knee replacement do not satisfy the imminent danger exception. *See Dickson v. United States*, No. 6:16-CV-29-KKC, 2016 WL 866962, at *4 (E.D. Ky. Mar. 3, 2016) (Plaintiff alleges no new facts suggesting that he faces imminent danger of serious physical injury based on the refusal to authorize the knee replacement surgery); *Dickson v. United States*, No. 5:16CV215/MP/CJK, 2016 WL 6078330, at *2 (N.D. Fla. Aug. 8, 2016), *report and recommendation adopted*, No. 5:16-CV-00215-MP-CJK, 2016 WL 6070074 (N.D. Fla. Oct. 14, 2016) (Plaintiff's allegation that defendants have denied his requests to see an orthopedic surgeon for a double knee replacement does not satisfy the imminent danger exception).

For these reasons, Plaintiff has not alleged an imminent, real, and proximate danger of serious physical injury so as to qualify for *in forma pauperis* status under the exception the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the "imminent danger" exception to § 1915(g) does not apply. Because Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA, he must pay the full filing fee for this case to proceed.

**III.**

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes Plaintiff from proceeding *in forma pauperis*. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In*

4

*Forma Pauperis* (ECF No. 1) be **DENIED**; that Plaintiff be required to pay the entire $400 filing fee within **THIRTY (30) DAYS** of an Order adopting this Report and Recommendation; and that Plaintiff be notified that his failure to pay the full fee within thirty (30) days will result in the dismissal of the action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: July 8, 2020**          /s/ *Elizabeth A. Preston Deavers*
                                           **ELIZABETH A. PRESTON DEAVERS**
                                           **CHIEF UNITED STATES MAGISTRATE JUDGE**